UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
GERALD ROBINSON, :
: CASE NO. 3:14-CV-1012
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Docs. 8, 9, & 10]
SHERRI DUFFEY, :
:
Respondent. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 8, 2014, Petitioner Gerald Robinson filed a petition for a writ of habeas corpus under 28 U.S. C. § 2254.[1] On June 20, 2014, after he suffered a heart attack, Petitioner Robinson filed a motion for equitable relief requesting that he be released to the care of his brother and sister-in-law during his final days.[2] He is expected to die in 30 to 60 days.[3] He is currently serving a sentence of 15 years to life for the 1980 murder of Sister Margaret Ann Pahl. For the following reasons, the Court **DENIES** Petitioner's motion for equitable relief.

The Court concludes that it does not have jurisdiction to grant the requested relief. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[4] Further, "neither § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release."[5] Under state law, Ohio Revised Code § 2967.05(B) "vests only Ohio's governor—not this Court—with discretion to

---

[1] Doc. 1.
[2] Doc. 10.
[3] *Id.*
[4] *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).
[5] *Fox v. Warden Ross Correctional Inst.*, No. 2:12–cv–476, 2012 WL 3878143, at *2 (S.D. Ohio Sept. 6, 2012), *adopted*, 2012 WL 5198362 (S.D. Ohio Oct. 19, 2012); *see also Tucker v. Dep't of Corr.*, 2:13-CV-0293 GGH P, 2013 WL 1091282 (E.D. Cal. Mar. 15, 2013).

Case No. 3:14-CV-1012
Gwin, J.

order an inmate's release" on compassionate grounds.[6/] The statute says ""[u]pon the recommendation of the director of rehabilitation and correction, accompanied by a certificate of the attending physician that an inmate is terminally ill, . . . the governor may order the inmate's release."[7/] Thus, the governor, not the courts, can grant compassionate release for state prisoners. However, Petitioner Robinson may not be eligible under this statute because it excludes prisoners serving time for murder.[8/]

Further, Petitioner Robinson is ineligible for relief under the comparable federal statute. Under 18 U.S.C. § 3582(c)(1) (A)(i), the Director of the Bureau of Prisons has discretion to file a motion for compassionate release with the district court.[9/] Courts cannot *sua sponte* grant compassionate release.[10/]

Additionally, "neither § 2241 nor § 2254 empower[s] this Court with habeas corpus jurisdiction to review any denial of a compassionate release request under Ohio Revised Code § 2967.05."[11/] Since the language of the Ohio statute is permissive, not mandatory, it fails to create a liberty interest in compassionate release and any denial of a compassionate release request is therefore unreviewable.[12/]

---

[6/] *Fox*, 2012 WL 3878143, at *2.
[7/] Ohio Rev. Code § 2967.05(B).
[8/] *Id.* at §2967.05(C).
[9/] 18 U.S.C. § 3582(c)(1) (A)(I).; *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) ("[D]istrict court[s] lack[ ] jurisdiction to sua sponte grant compassionate release. A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.").
[10/] *Id.*
[11/] *Fox*, 2012 WL 3878143, at *2.
[12/] *Id.*

Case No. 3:14-CV-1012
Gwin, J.

For the foregoing reasons, the Court **DENIES** Petitioner's motion for equitable relief.

IT IS SO ORDERED


Dated: July 3, 2014                              *s/   James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE